J. A16044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.W., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1957 WDA 2016 |
| | : | |
| T.J.T. | : | |

Appeal from the Order Entered December 2, 2016,
in the Court of Common Pleas of Greene County
Civil Division at No. 218 AD 2013

BEFORE: STABILE, J., FORD ELLIOTT, P.J.E., AND STRASSBURGER, J.*

DISSENTING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:
**FILED: SEPTEMBER 19, 2017**

I respectfully dissent. Admittedly, this was a very close case. Both parents clearly love their children. However, a close reading of the findings by the trial court clearly support the decision of the trial court to maintain primary physical custody with Mother, and therefore I am perplexed by its further decision to deny relocation under the facts of this case. Mother seeks to relocate 30 minutes from her current residence, and the court took notice of the fact that this distance would have little impact on Father's custodial time.

In determining primary custody, the trial court expressed concerns about Father in that he is willing to continuously self-experiment with the

---

* Retired Senior Judge assigned to the Superior Court.

children's food and pet allergies, and continuously challenge the long-standing medical diagnosis and medical advice. He is excessive about his son's success in sports even to the point of disregarding medical advice on injuries, and unlike Mother, he has not complied with counseling services.

What stands out as the primary consideration for the court's decision to deny relocation was the children's desire not to change schools. While this may certainly be a consideration, it should not be weighted more than the other best interest factors, especially considering the age of the children at the time of the hearing, 10 and 6 respectively. Although the trial court did not assess the separate school districts, the Washington County school would appear to meet all of the Children's needs. Given the court's careful weighing of the factors awarding primary custody to mother, there is nothing to indicate that the children cannot adjust to a new school; obviously, parents in intact families make such decisions all the time.

Recognizing how difficult these custodial decisions are for trial courts when dealing with two loving and caring parents, I would find that, based on the insignificant distance involved in this relocation and having awarded Mother primary physical custody for good reasons, the trial court abused its discretion in not allowing Mother to relocate.

Hence, I respectfully dissent.